## MAY 29, 1802.

# Thos. Ayers *v.* John Scott, Adm'r of Benj. Sneed.

*Upon a writ of error to reverse a decree of the Franklin District Court.*

1. Where the law directs that a copy of the bill shall be delivered to the defendant by the officer serving the subpœna in chancery, which delivery shall be endorsed on the back of the subpœna—*Held:* That it must appear by the return that the copy had been delivered before the bill can be taken for confessed.

2. The chancellor, in order to inform his conscience as to any point arising in a cause, may direct an issue to be tried as to that point; but it is error to submit the whole case arising upon bill and answer to a jury.

3. Where a defendant, who has not been so served with process as to bring him into court, appeals from the decree, he will, upon the return of the cause to the lower court, be treated as in court, and entitled to no further service of process.

The first error assigned is in the following words: "It does not appear by the return of the sheriff, nor by anything else in the record, that a copy of the bill was ever delivered to the defendant in the court below; without which it could not be taken for confessed." The act of 1799, entitled "an act to amend the several

acts regulating proceedings in chancery," was relied on to support this objection; the first section of which having expressly directed that a copy of the bill shall be delivered to the defendant by the officer or person serving the subpœna, which delivery shall be endorsed on the back of the said subpœna. The court is of opinion that this act is directory, and that it must appear, from the return on the process, or by affidavit, that a copy of the bill had been delivered, without which a bill can not regularly be taken *pro confesso.* This regulation was intended not only to inform the defendant that a suit was instituted, but also to furnish him with the cause of complaint, that he might prepare himself to answer it. Therefore, this error is fatal.

The second error is, "that the bill was taken for confessed before the expiration of three months after the return of the subpœna executed." The second section of the above-recited act, and the sixth section of the act to reduce into one the several acts directing the rules and proceedings in the courts of chancery, were relied on. The court think that so much of the sixth section of the last-recited act as relates to this point is virtually repealed by the second section of the above-recited act, and that by the said second section a complainant may proceed to take his bill *pro confesso,* the subpœna being returned executed, and a copy of the bill being delivered on the rule day next after the return. It was the evident intention of the legislature, in the act of 1799, to prevent the delays in suits in chancery which were occasioned by the provisions of the laws then in force; and it seems to the court that no inconvenience will result from this regulation, because the defendant will have an opportunity at the next succeeding court, upon filing his answer to set aside the office judgment, and from the length of time intervening between the terms of courts the defendant, if disposed to file an answer, will have time enough to prepare himself for doing so.

The third error is, "that the cause was set for hearing before the expiration of six months, contrary to the same sixth section, the complainant having elected to take general commissions for the purpose of obtaining depositions." On this point the court think that the law does not require the cause to remain on the rule docket for six months in cases like this. That regulation is made in cases only where there is a general commission upon *answer filed and replication.*

The fourth error is, "that the court had no power to award a *venire facias*, at any rate, without specifying the particular object of inquiry for the jury." A chancellor, in order to inform his conscience as to any point arising in a cause, has a right to direct an issue to be tried as to that point, but in doing so the inquiry ought to be confined to the single point, and if more than one point arises the different points ought to be specially and particularly stated, and the jury in their verdict should answer to each separately; therefore, the court below erred in submitting the whole case arising upon the allegations contained in the bill and answer.

The fifth error is, "that the jury should have been summoned, if at all, to appear at the succeeding court, not immediately." The court can see no objection to empannelling a jury immediately in these cases, more than exists in cases where a writ of inquiry is awarded upon judgments by *nil dicit, non sum informatus,* &c., unless either party should move upon good cause shown to postpone the inquiry to a subsequent court.

Wherefore, it is decreed and ordered, that the decree aforesaid be reversed and set aside, that the cause be remanded to the court from whence it came, for new proceedings to be had therein, to commence by placing the suit on the rule docket, and the defendant in that court to file his answer immediately, as by prosecuting this writ of error he has notice to every intent as fully as if a copy of the bill had been delivered to him when the subpœna was executed, and that the plaintiff recover of the defendant costs in this behalf expended, which is ordered to be certified to the said court.